UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-80151-Cr-HURLEY/HOPKINS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

HARRY LOY ANDERSON, III.,

Defendant.

_____/

FILED by _____ D.C.

SEP 10 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## PLEA AGREEMENT

The United States of America (hereinafter "the United States" or "this Office"), and HARRY LOY ANDERSON, III. (hereinafter referred to as the "defendant"), enter into the following agreement:

1.      The defendant agrees to plead guilty to the sole Count of the Information, which count charges the defendant with Possession of a Controlled Substance, to wit, a mixture and substance containing Psilocybin, a Schedule I controlled substance, in violation of Title 21, United States Code, 844(a), The defendant admits that he is, in fact, guilty of the aforementioned offense.

2.      In return for the defendant's guilty plea to the Information, the government agrees not to further criminally prosecute the defendant pursuant to Title 21, United States Code, Sections 952 and 955, arising from the defendant's travel to the United States from The Bahamas, on August 9, 2015.

-1-

-2-

3.      The United States further agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.  The United States, however, will not be required to make  this motion and recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or, (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

4.      The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will

-2-

commence after the guilty plea has been entered.  The defendant acknowledges he has discussed and understands the application of the federal sentencing guidelines with his counsel, to include the application of "relevant conduct" under Section 1B1.3 of the Sentencing Guidelines.  The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.  The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence.  Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the defendant may not withdraw his plea solely as a result of the sentence imposed.

5.      The Office of the United States Attorney for the Southern District of Florida and the defendant, reserve the right to make a recommendation as to the quality and quantity of punishment and reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant conduct information concerning the defendant and his background.

6.      **MAXIMUM PENALTIES**: the defendant understands and agrees he faces a maximum sentence of one year imprisonment; that the Court must impose a minimum fine of $1,000.00, and may impose a maximum fine of up to one hundred

thousand dollars ($100,000.00)[1], to be followed by a maximum term of up to one (1) year of supervised release.

7.      The defendant further understand and acknowledges that, in addition to any sentence imposed under the preceding paragraph of this agreement, a special assessment in the amount of $25.00[2] will be imposed as to the count of conviction. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.  Payment may be either in the form of cashier's check or money order made payable to the Clerk of Court, Southern District of Florida, or in cash.   It is the prosecuting AUSA's duty to ensure that the special assessment has been paid at the time of sentencing.  If a defendant is financially unable to pay the special assessment, the defendant should be required to present evidence to the United States and the Court as to the reasons for his failure to pay.

8.      The defendant is aware that his sentence has not yet been determined by the Court.  The  defendant also is aware that any estimate of  the  probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged above, that the defendant may not withdraw his plea based upon the Court's decision not to

---

1 See 18 U.S.C. § 3571(b)(5)
2 See 18 U.S.C. § 3013(a)(1)(A)(iii)

accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

9. **SURRENDER OF PILOT'S LICENSE**: The defendant agrees that in return for the concessions made by the United States as set forth in Paragraph 2 of the Plea Agreement above, that he shall knowingly and voluntarily surrender and relinquish his pilot's license to the U.S. Federal Aviation Administration (FAA) within seven (7) days of the date of entry of his plea agreement in this matter.  The defendant further knowingly and voluntarily agrees to waive any appellate rights he may have, and not to appeal any certificate action that the Administrator of the FAA elects to take as a result of the defendant's conviction of the instant offense.

10. **SENTENCING APPEAL WAIVER** : The defendant is aware that Title 18, United States Code, Section 3742, affords the defendant the right to appeal the sentence imposed in this case.  Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the Court establishes at sentencing.  The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b).  However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has

discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district Court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

11.   This Plea Agreement constitutes the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings, with respect to the defendant's guilty plea except as set forth herein.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 9/10/2015

By:_____
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY

Date: 9/10/15

By:_____
TAMA BETH KUDMAN, ESQ.
ATTORNEY FOR DEFENDANT

Date: 9/10/15

By:_____
HARRY LOY ANDERSON, III.
DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-80151-Cr-HURLEY/HOPKINS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

HARRY LOY ANDERSON, III.,

Defendant.
_____/

## STIPULATED STATEMENT OF FACTS

### A.   Elements of Offense

By his signature below, the defendant understands and acknowledges that were this matter to have proceeded to trial, the United States would have had to prove and would have proven the following elements beyond a reasonable doubt as to the sole Count of the Information, which charges the defendant with Possession of a Controlled Substance, to wit, a mixture and substance containing Psilocybin, a Schedule I controlled substance, in violation of Title 21, United States Code, 844(a):

First, that the defendant possessed a controlled substance; and

Second, that the defendant did so knowingly and intentionally.

The government must prove that the defendant knew that the substance possessed was a controlled substance under the law at the time of the possession.

-1-

Possession means to voluntarily and intentionally exercise dominion and control over an item or property.   Possession may be either sole, by the defendant himself, or joint, that is, it may be shared with other persons, as long as the defendant exercised dominion and control over the item or property.   Possession may be either actual or constructive. Actual possession is defined as physical control over property. Constructive possession occurs when a person exercises or has the power and the intention to exercise dominion and control over an item or property.   Constructive possession can be established by evidence, either direct or circumstantial,showing ownership, dominion, or control over the item or property itself, or the premises, vehicle, or container in which the item or property is concealed, such that a person exercises dominion and control over an item or property.

B.     **Statement of Facts**

Had this matter proceeded to trial, the United States would prove the following facts beyond a reasonable doubt through admissible testimony and evidence, which the defendant agrees, by his signature below, are true and correct facts, and satisfy all the necessary elements of the offense of conviction referenced above and in paragraph 1 of the Plea Agreement:

1.     On August 9, 2015, defendant HARRY LOY ANDERSON, III, a licensed pilot, entered into the United States Customs and Border Protection Private Aircraft facility at Palm Beach International Airport after acting as pilot in command of a private aircraft to West Palm Beach, Palm Beach County, Southern District of Florida, United States of America, from North Eluthra, The Bahamas. Prior to submitting himself for inspection, defendant ANDERSON completed, signed and submitted Customs and

-2-

Border Protection Form 6059B, commonly known as a "Customs Declaration," indicating that he had nothing to declare or enter back into the United States.

2.  During questioning by a Customs and Border Protection Officer (CBPO), in the course of presenting himself for entry into the United States, defendant ANDERSON was asked if a tan leather bag ANDERSON presented for inspection was his, to which he answered in the affirmative.   Defendant ANDERSON was also asked if he had any alcohol or tobacco which he was bringing into the United States to which defendant ANDERSON responded in the negative. A search of defendant ANDERSON's bag by a CBPO revealed three packages of cigarettes located in the tan bag. Two of the packages contained cigarettes. The third package of Parliament cigarettes, however, contained what appeared to be Psilocybin Mushrooms (a Schedule I Controlled Substance). When asked about the mushrooms, the CBPO observed defendant ANDERSON become very nervous, and stated that those were not his; that he did not smoke.   Defendant ANDERSON affirmed that the tan leather bag belonged to him. Defendant ANDERSON was then asked if he was carrying the narcotics for anyone else to which he answered in the negative. A field test of the mushrooms was positive for the presence of a controlled substance.

3.  The parties stipulate that the Psilocybin mushrooms discovered in the

-3-

defendant's possession on August 9, 2015, referenced above, had been and were for the defendant's personal use.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY

SEEN, AGREED AND APPROVED:

_____
HARRY LOY ANDERSON, III.
DEFENDANT

_____
TAMA BETH KUDMAN, ESQ.
COUNSEL FOR THE DEFENDANT

Dated: _9/10/15_____

At West Palm Beach, Florida

-4-